598 So.2d 586 (1992)
Maurice WESTRIDGE, et al.
v.
POYDRAS PROPERTIES, et al.
Consolidated With
Ford T. HARDY, Jr., et al.
v.
POYDRAS PROPERTIES, et al.
Nos. 91-CA-0441, 91-CA-0442.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1992.
*587 Jesse S. Guillot, New Orleans, for plaintiffs/appellants Maurice Westridge and Wanda Westridge.
Ford T. Hardy, Jr. and Donna S. Cummings, New Orleans, for plaintiffs/appellants Ford T. Hardy, Jr., et al.
John V. Baus, Jr., Hammett & Baus, C. William Bradley, Jr., Lemle & Kelleher, Lawrence J. Centola, Jr., Paul J. Politz, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, for defendants/appellees.
Maria I. O'Byrne Stephenson, Lisa C. Matthews, Earl N. Vaughan, Catherine I. Chavarri, Law Offices of Maria I. O'Byrne Stephenson, New Orleans, Thomas G. Buck, Blue, Williams, & Buckley, Metairie, for intervenor/appellant.
Before LOBRANO and PLOTKIN, JJ., and TREVOR G. BRYAN,[*] J. Pro Tem.
TREVOR G. BRYAN, Judge Pro Tem.
On December 9, 1983, a five alarm fire starting at 550 Baronne Street in the Central Business District of the City of New Orleans spread rapidly to 536 Baronne *588 Street, an adjacent building. Both buildings were owned by Poydras Properties, Inc. ("Poydras") and at the time of the conflagration, Claiborne Builders, Inc. ("CBI"), a general contractor, was under a contract with Poydras to renovate the 550 Baronne building.
Lessees (the Westridge plaintiffs) and sublessees (the Hardy plaintiffs) sued Poydras, CBI, and insurers Twin Cities, State Farm, and Fireman's Fund for personal property damage and economic loss resulting from the fire, based upon negligence and strict liability doctrines. The suits were consolidated and bifurcated and tried before a commissioner of Civil District Court. The commissioner recommended to the trial judge that judgment be entered in favor of plaintiffs and against CBI but that the suits against Poydras be dismissed.
On October 4, 1990, the trial judge adopted the findings and recommendations of the commissioner in an amended judgment. The Westridge and Hardy plaintiffs, as well as CBI, Twin Cities Insurance Co., State Farm Insurance Co., and Fireman's Fund, filed motions for appeal which appeals have been consolidated and considered herein.
The plaintiffs' appeal is based upon the following allegations of error:
1. That the trial court erred in dismissing plaintiffs' claims against Poydras on strict liability and negligence doctrines.
2. That the trial court erred in dismissing plaintiffs' strict liability claim against CBI.
3. That the trial court erred when it based its finding of CBI's negligence only on its failure to properly restrict access to the building rather than
(a) its failure to maintain sprinkler system protection during the renovation process,
(b) its failure to sheetrock the common wall of 550 and 536, and
(c) its failure to plug the holes that existed in the common wall.
4. That the trial court erred in failing to hold CBI's excess insurer, Twin Cities, solidarily liable with CBI.
CBI argues on appeal that the trial judge erred in finding CBI negligent.
In reviewing the trial court's findings and conclusions, this Court is required to give great deference to those findings that are based upon the credibility of witnesses. Only where the findings are manifestly erroneous or clearly wrong may they be ignored in the appellate review process. Lirette v. State Farm Insurance Co., 563 So.2d 850 (La.1990); Sistler v. Liberty Mutual Insurance Co., 558 So.2d 1106 (La. 1990); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973).
Absent testimony flawed with internal inconsistencies, where the trial court's "finding is, based on a decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989).
With the foregoing stated principles in mind we now examine the claim against each defendant.

A. LIABILITY OF POYDRAS
Plaintiffs' arguments in support of Poydras' liability were rejected by the trial judge.
Plaintiffs contend that defendant, Poydras Properties, is strictly liable to plaintiff pursuant to Civil Code Article 2695....
Since defendant Poydras Properties, prior to the fire, purchased or owned both the 536 and 550 Baronne Street properties, said defendant became lessor of plaintiffs. And, plaintiffs contend, the special obligation of lessor stems from the fact that 536/550 had actually been combined into one property, rendering the vices and defects (the unfinished wall and the disabled sprinkler system) existing in the 550 project the defects of 536.
The court disagrees. First, the court has found the state of the wall not to have contributed to the damages suffered by plaintiffs. And, secondly, there was no requirement to have a working *589 sprinkler system at all during construction, so it is the judgment of this court that the sprinkler system, in this case, is not the type defect or vice contemplated by Civil Code Article 2695.
The Court also finds inapposite plaintiffs' Civil Code Article 667 arguments in support of strict liability. Poydras Properties effectively owned all of the property involved here, and tenants and lessees would not satisfy the 667 definition of neighbors under the factual situation of this case.
Additionally, and notwithstanding the presence of Dan Stari, the court finds CBI had complete control of the project and responsibility for securing the site.
The court, accordingly, finds Poydras Properties free of legal culpability in this case.

1. Liability Under Civil Code Article 667
Plaintiffs argue that under C.C. article 667 Poydras is liable to them for damages. We agree with the trial court that plaintiffs as lessees and sublessees of Poydras are not "neighbors" within the meaning of C.C. article 667.
More importantly, C.C. article 667 is not applicable in this case because the renovation "work did not cause damage to the neighboring buildings; rather, it was the fire which caused the damage." Villaronga v. Gelpi Partnership No. 3, 536 So.2d 1307, 1311 (La.App. 5th Cir.1988), writ denied, 540 So.2d 327, 540 So.2d 329 (La. 1989); Terre Haute Plantation, Inc. v. Louisiana S.A. Ry. Co., 210 So.2d 566, 568 (La.App. 4th Cir.1968), writ denied, 252 La. 845, 214 So.2d 164.

2. Liability Under Civil Code Article 2695
Strict liability under article 2695 is only imposed where the lessee proves that the damages was proximately caused by a vice or defect in the premises. Jameson v. Employers Insurance of Wausau, 286 So.2d 785, 787 (La.App. 4th Cir.1973); King v. Allstate Insurance Company, 224 So.2d 42 (La.App. 1st Cir.1969), writ refused, 254 La. 808, 227 So.2d 144 (1969).
Plaintiffs allege that the failure to sheetrock the common wall or to plug the holes prior to the renovation work constituted defects and vices in the building which caused the fire to spread from 550 to 536 Baronne.
Several witnesses testified to the existence of the holesplaintiffs, Ford Hardy and R. Collins Vallee; Daniel Stari, Poydras's representative on the 550 project; Harold "Chick" McCloskey, CBI's construction supervisor; Joseph Voelker, a field engineer/inspector on the project; and Louis Perrilliat, CBI's project manager. Plaintiffs' expert witnesses, Lawrence Reed and Julian Hotard, testified that the holes constituted a fire hazard. However, the trial court found more credible the testimony of Mark Jee, a police department fire inspector, who opined that the fire would have spread to and consumed 536 even in the absence of the holes.
Thus the court's conclusion that plaintiff failed to prove proximate cause with respect to the existence of the holes is not clearly erroneous. Nor is its conclusion that the failure to sheetrock the common wall was not the proximate cause of plaintiffs' loss.
Since causation is not established there is no need to further pursue the nice questions of law raised with respect to the other factors in the duty/risk analysis.
With respect to the failure to maintain the sprinkler system, the court found that such failure did not constitute a defect in the building under article 2695. The court believed witnesses such as Daniel Stari, Bhola Dhuma, a city employee with expertise on the City Code, and Joseph Logue, an expert in general contracting, whose testimony supported the finding that the neither the City Code nor industry standard require an operational sprinkler system during renovation work.
The court did not accept the testimony of plaintiffs' experts, Gary Smith, Julian Hotard, and Lawrence Reed on that issue.
Moreover, the failure to maintain an operational sprinkler system is not a "defect" in the building so as to trigger article 2695 liability.

*590 3. Strict Liability Or Negligence
The court found that there was a lack of adequate security for the worksite, which lack of security was the proximate cause of the fire and the resultant damage. However, the court exonerated Poydras from any responsibility for this condition. It said that "[a]dditionally, and notwithstanding the presence of Dan Stari, the court finds CBI had complete control of the project and responsibility for securing the site." Plaintiffs disagree.
The owner is not responsible for the negligence of an independent contractor unless (1) the work undertaken by the independent contractor is inherently or intrinsically dangerous, or (2) the person for whom the work is performed gives express or implied authorization to an unsafe practice or has the right to or exercise operational control over the method and means of performing the work. Williams v. Gervais Favrot Co., 499 So.2d 623 (La.App. 4th Cir.1986), writ denied, 503 So.2d 19 (La. 1987); Trapani v. Parish of Jefferson, 180 So.2d 850 (La.App. 4th Cir.1965); Villaronga, supra at 1310-1311.
Daniel Stari, Poydras' representative on the 550 project testified that he had no authority to nor did he exercise any control over CBI's workers on the job though he believed that he could make suggestions or requests to CBI on matters that came to his attention. He testified that he didn't even have a key to the building nor did he possess the expertise to make decisions on the sprinkler system or site security.
CBI's construction supervisor, Harold "Chick" McCloskey, testified that he was on the site daily and had full responsibility for the performance of the contract.
Stari's job responsibility which required him to monitor the work of CBI to ensure compliance with the specifications did not rise to the level of operational control necessary to impose liability on the owner for the contractor's fault.
Where the control over the contract is limited to providing plans and specifications and the owner or general contractor's only right is to insist that the job be performed in accordance with those plans and specifications, an independent contractor relationship exists and neither the owner nor the general contractor is liable for the subcontractor's negligence. Villaronga, supra at 1307.
Thus, we cannot say that the trial court is manifestly erroneous or clearly wrong in dismissing plaintiffs' claims against Poydras.

B. LIABILITY OF CBI
CBI argues that the trial court erred in finding that (1) the fire had originated from acts of arson and (2) CBI had been lax in securing the worksite by leaving doors unlocked and scaffolding in place on the Lafayette Street side of the building.
The origin and cause of a fire need not be proven by direct evidence. Circumstantial evidence is sufficient. It need not negate all other possible causes. Proof that excludes other reasonable hypothesis of cause with a fair amount of certainty so that it is more probable than not that the fire was caused in a particular manner or scenario is enough to establish liability. Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972); Blanchard v. Sotile, 394 So.2d 633 (La. App. 1st Cir.1980), writ denied, 399 So.2d 601 (La.1981).
The court believed the testimony of Mark Jee and Edward O'Brian, experts on the cause, origin and prevention of fires, who testified that the fire was the result of arson originating at two locations on 550 Baronne. Gerald Leone, a captain with the New Orleans Fire Department who responded to the fire, testified that he was able to gain access to the building because the doors were unlocked. Plaintiff, Curtis Bordenave's, testimony confirmed that the rear door of the building was unlocked shortly before the fire. He also testified that an intruder could easily have gained access to the building using the scaffolding left by the workers on the outside of the building.
There is an ease of association that exists between the lax security employed at the worksite on the day of the fire and the *591 work of the arsonists who seized advantage of the situation to gain access to the building.
The Hardy plaintiffs assert that the trial court erred in failing to include Twin Cities Insurance Company, CBI's excess insurer as a party cast in judgment. However, plaintiffs failed to introduce the policy into evidence at the trial court level. While ordinarily this would preclude the trial judge from including the insurer in the judgment, Twin Cities did answer plaintiffs' second amended petition, admitting the existence of an insurance policy but denying coverage. Under these circumstances we remand to allow plaintiffs to introduce the policy into evidence. Lucas v. Doe, 371 So.2d 336 (La.App. 4th Cir. 1979); Balehi Marine v. Firemen's Insurance Company of Newark, New Jersey, 460 So.2d 16 (La.App. 1st Cir.1984), writ denied 462 So.2d 654 (La.1985). Any coverage issues would then have to be decided before the trial on quantum.
Accordingly, we affirm the decision of the trial court, and we remand for the reasons set forth above. All costs of these appeals are to be assessed equally to plaintiffs and CBI.
AFFIRMED AND REMANDED.
LOBRANO, J., concurs in the result.
PLOTKIN, J., concurs for reasons assigned by LOBRANO, J.
LOBRANO, Judge, concurring in the result.
The majority's result is correct. The trial court's finding that CBI's negligence was a proximate cause of the fire is not clearly wrong. However, I do not agree with the majority's statement that failure to maintain an operational sprinkler system is not a defect under Article 2695. That statement is dicta since the court found that the absence of the system was not the cause of the fire.
Further, the majority does not make clear the fact that plaintiffs are the tenants of 536 Baronne Street which is located adjacent to the property where the fire originated. In my opinion serious legal questions exist when the landlord (Poydras) owns both buildings. The majority opinion should not be interpreted to mean that the vice or defect in one building can trigger Article 2695 liability in favor of the lessees of the adjacent building simply because both have the same owner. That is, Article 2695 should be applicable only to the vices or defects in the "thing leased".
PLOTKIN, J., concurs for the reasons assigned by LOBRANO, J.
NOTES
[*] Due to the expiration of Judge Bryan's term of office prior to rendition, but after his concurrence therein, this opinion is rendered unanimously by Judges Lobrano and Plotkin.