665 So.2d 1217 (1995)
Edwin M. PALMER, III, Mark W. Palmer and Matthew D. Palmer
v.
LANCO CONSTRUCTION, INC., Transamerica Premiere Insurance Company and Fidelity and Deposit Company of Maryland.
No. 95-CA-0987.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1995.
*1218 Henry L. Klein, New Orleans, for appellants.
Eugene R. Preaus, Krystil B. Cook, Preaus, Roddy & Krebs, New Orleans, for appellees.
Before CIACCIO, LOBRANO and JONES, JJ.
LOBRANO, Judge.
The sole issue in this appeal is whether or not plaintiffs' suit is barred by res judicata. In order to make that determination it is necessary to review the previous history of this case.
On September 21, 1981 plaintiffs[1] sued Clover Contractors in Civil District Court for the Parish of Orleans for breach of a construction contract. The plaintiffs alleged that the roof Clover contracted to build was defective and constantly leaked. Fidelity and Deposit Company of Maryland (F & D), defendant herein, was the surety on Clover's construction bond. However it was not a defendant in that 1981 suit. Plaintiffs were successful and obtained a judgment of approximately $154,000.00 against Clover. That judgment was affirmed on appeal.
Unfortunately, Clover went bankrupt. Plaintiffs, in November of 1988, then filed suit in Civil District Court against F & D as the surety on Clover's construction bond. That suit was subsequently removed to federal court on diversity grounds and was eventually compromised. In July of 1989, having been advised that the case settled, the federal court issued a 60 day order of dismissal. The agreement of settlement between plaintiffs and F & D was executed August 3, 1989 and plaintiffs' case against F & D was dismissed with prejudice on August 7, 1989. The terms of the settlement provided that F & D would contract, at its expense, *1219 with Lanco Construction, Inc.[2] for the specific work identified in the contract attached to the agreement. In particular, Lanco was to build a new roof.[3]
Plaintiffs filed the instant lawsuit on May 11, 1994 alleging that the roof still leaks and that they have suffered considerable damage to their business. In paragraph XI of their petition, plaintiffs allege that "the compromise entered into with F & D is null and void for failure of cause, for lack of consideration, for inadequate consideration and for failure by Lanco to provide ... a leak-free roof which was the very essence of the compromise." In paragraph XII they aver that their compromise with F & D is null and void for failure of consent in that they "would not have agreed to give up a judgment which was then worth in excess of $300,000.00 for a roof that would continue to leak." In the prayer of their petition they seek judgment against F & D in the full sum of $154,322.00, plus interest from September 21, 1981[4] until paid.
F & D removed the suit to federal court arguing that it was an attempt to nullify the previous judgment of dismissal and thus that court had federal question jurisdiction pursuant to 28 U.S.C. 1331. F & D also filed in federal court a motion for summary judgment based on a plea of res judicata.
F & D's removal motion was rejected, however, by the federal court. In reasons for judgment, the federal district judge opined:
"This action by the plaintiffs, while arising out of the previous settlement agreement, is an entirely new claim against F & D and Lanco Construction, who was not a party to the previous litigation. Plaintiffs do not deny that a settlement was reached in the suit on the bond against F & D. This is [sic] action is not a suit on a bond, but a suit for breach of the settlement agreement against F & D, who agreed to furnish the plaintiffs with a new roof, and against Lanco Construction, who was the firm hired to provide the new roof that plaintiffs claim is defective. Certainly there was an agreement to provide a new roof and the question is whether defendant and the contractor it hired to provide the roof fulfilled that agreement."
In state court, F & D reurged its defense of res judicata. Relying on the federal court judgment which dismissed plaintiffs 1988 suit against F & D with prejudice, the trial court maintained F & D's res judicata plea. Plaintiffs perfect this appeal.
Plaintiffs argue that the trial court misinterpreted the relief they seek in the present action. They assert that the settlement agreement is null and void for lack of cause or "causa". The major portion of their brief is devoted to argument concerning the civilian concept of "causa". They claim that because the very essence of the settlement agreement, i.e. the "causa", was a new leakproof roof, the failure of F & D to provide same voids the agreement and/or constitutes a breach thereof.
F & D supports its res judicata argument with the assertion that any claim plaintiffs had were dismissed with prejudice as a result of the compromise. Their argument is predicated on the fact that the relief plaintiffs seek in the instant matter is the same relief sought in the 1988 suit which was dismissed with prejudice. F & D claims that plaintiffs are not seeking enforcement of the settlement agreement nor are they seeking to nullify the federal court judgment of dismissal. Instead, F & D claims that plaintiffs are seeking to be reinstated "to the status quo" in a state court proceedings, a result which they should have sought in federal court pursuant to Rule 60(b).[5] In support of their *1220 arguments F & D relies on principles of comity and the federal res judicata doctrine.
"A party faced with relitigation of a federal judgment in a state court proceedings may plead the federal judgment as res judicata." Pilie & Pilie v. Metz, 547 So.2d 1305 (La.1989), 1309. State courts are bound to honor federal court judgments. Id. Where the federal court jurisdiction was based on federal securities laws, federal principles of res judicata must be applied to determine the preclusive effect of the federal judgment in a subsequent state proceeding. Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993).
There is a split of authority, however, as to which law applies when the federal judgment is based on diversity jurisdiction. "Some authorities maintain that the law of the state in which the federal court sat ... should determine the res judicata effects of a federal diversity judgment." Pilie & Pilie, supra at 1309. Others argue that the federal common law of res judicata is applicable. Id. Louisiana has recognized that federal, rather than state law controls, in determining the preclusive effects of a judgment rendered by a federal diversity court sitting in another state. Id.
Although the judgment relied on by F & D in the instant case was rendered by a federal diversity court sitting in Louisiana, we conclude that the better view is to decide the res judicata issue by applying federal principles.[6] Basically, federal common law provides that a valid final judgment bars a party from seeking certain remedies whether the party's right to those remedies was actually litigated in the earlier proceeding or not, if the later asserted right is found to arise out of the same transaction as the claim or cause of action presented in the earlier proceeding. Federated Dept. Stores v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). The federal law of res judicata "bars all claims that were or could have been advanced in support of the causes of action on the occasion of its former adjudication ... not merely those that were adjudicated." In the Matter of Howe; 913 F.2d 1138, 1144 (5th Cir.1990).
The crux of F & D's argument is that "the claim asserted by plaintiffs ... obviously is the `same claim or cause of action' asserted previously in the 1988 action...." F & D refers to the similarity of the prayer of the instant suit and that of the 1988 suit. In both, plaintiffs prayed for judgment "against Fidelity and Deposit Company of Maryland in the full and true sum of $154,322.00 together with legal interest from September 21, 1981 until paid."
In the 1988 action, plaintiffs' claim was based on F & D's obligation on the performance bond it issued to Clover Contractors. Plaintiffs had obtained a judgment against Clover and were seeking to collect from F & D. That suit was settled and an order of dismissal was entered by the federal court. Although we readily admit that plaintiffs' petition in the instant suit is somewhat confusing and subject to different interpretations, we conclude that the federal district judge's interpretation of its meaning is the most reasonable and logical. Although not specifically spelled out in the prayer of their petition, for the following reasons plaintiffs' relief is necessarily limited to the damages sustained because of F & D's alleged breach of the agreement. This, we determine, is the only claim that is not barred by res judicata. Simply put, the 1988 suit was based on F & D's bond obligation while the instant suit is necessarily limited to enforcement of the compromise. Obviously plaintiffs, in 1988, could not have asserted a breach of the compromise agreement because it didn't exist.
Accordingly, we conclude that plaintiffs cannot seek the relief of returning to the "status quo". Their claim against F & D on the bond obligation has been dismissed with prejudice, forever barred by the principle of res judicata. Furthermore, under principles of comity, this court will not set aside or void a compromise which was the basis of a federal court judgment. To seek that relief, plaintiffs must pursue it in the federal courts in accordance with the dictates of Federal Rule *1221 60(b).[7] As previously noted, the only relief available to plaintiffs in state court, which is not barred by res judicata, is damages for breach of the compromise agreement.
A compromise or transaction is an agreement between two or more persons made for the purpose of preventing or ending a lawsuit in which they "adjust their differences by mutual consent." La.C.C. art. 3071. The effect of a compromise agreement is that it abrogates the antecedent claim upon which it is predicated, so that the only legal recourse of the parties is to enforce their rights within the context of the compromise agreement. Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112, 116 (La.App. 1st Cir. 1982). The rights of the parties are not defined by the antecedent debt, but are determined in accordance with the compromise agreement. A compromise is a contract and one does not evade the obligation of a contract of compromise by breaching it. Stern v. Williams, 365 So.2d 1128 (La.App. 4th Cir.1978), writ denied 368 So.2d 143 (La. 1979). Where the compromise imposes an obligation to do, the breach of that obligation entitles the obligee to damages or specific performance. La.C.C. art. 1758.
We therefore hold that, to the extent plaintiffs' petition asserts a claim for breach of the compromise agreement, it is not barred by res judicata.
We therefore reverse and remand for further proceedings on that claim alone. In all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] Plaintiff in that suit was Five M Palmer Trust. In the instant suit, plaintiffs are the individual Palmers, successors to the Trust.
[2] Lanco is also a defendant in these proceedings. However, it is not involved in this appeal.
[3] There are many other terms and conditions in the agreement, none of which are relevant to the res judicata issue before us.
[4] September 21, 1981 is the date plaintiffs filed their initial suit against Clover.
[5] Rule 60(b) provides for the various instances where a court may relieve a party from a final judgment or order. Subsection (b)(6) provides relief for "any other reason justifying relief from the operation of the judgment." The rule also provides time limits for a party seeking relief from a final judgment. F & D points out that, if plaintiff had proceeded in federal court, their motion would most certainly be untimely.
[6] We base our conclusion on the reasons given in support of the Pilie & Pilie decision.
[7] The federal district court, in ruling that there was no federal question jurisdiction, impliedly found that plaintiffs were not seeking to void the compromise and return to the status quo. The court concluded that they were only alleging breach of the agreement.