I iMURRAY, Judge.
United States Fidelity & Guaranty-Company seeks reversal of the trial court’s judgment overruling its exception of res judicata. Both the plaintiff, Maurice Westridge, and USF & G’s co-defendant, Twin Cities Insurance Company, filed briefs in response to USF & G’s application for a writ of certiorari. We now grant the writ and affirm the trial court’s ruling.
This suit was filed after a fire December 9, 1983, damaged two adjacent buildings in downtown New Orleans. After consolidation with another suit arising from the fire, a trial on the issue of liability alone resulted in a judgment against Claiborne Builders, Inc. (CBI), a contractor doing renovations on one building, and USF & G, its primary insurer. That judgment was affirmed by this court.[1] Westridge v. Poydras Properties, 598 So.2d 586 (La.App. 4th Cir.), writs denied, 605 So.2d 1092-98,1099.
hSince that appeal, most claims for damages arising from the fire have been settled. One of the few remaining claims is that at issue here, brought by Maurice and Wanda Westridge as lessees of one of the damaged buildings. The Westridges discharged their attorney and have been prosecuting this action pro se; they also sued the district court judge, necessitating the severance and reassignment of this suit to another division of the court.
In October 1994, the Westridges filed suit in federal district court, based upon diversity of citizenship, against their former attorneys, USF & G and its attorneys, their former sublessees and the sublessees’ attorneys, and the building’s owner, claiming monetary and emotional damage had resulted from the defendants’ alleged fraud, deceit and negligence “in purposefully impeding and delaying settlement action for over ten years.” USF & G responded with a motion for dismissal for failure to state a claim, asserting that its only duty to settle the Westridges’ claims would arise under La. Revised Statute § 22:1220, which was not enacted until 1990 and was therefore inapplicable. The federal court agreed, and on November 28, 1995, a judgment dismissing the federal suit with prejudice was entered. Although the Westridges have filed subsequent pleadings in that suit, no appeal was taken and that judgment has become final.
Following the dismissal of the federal action, USF & G filed the exception at issue here. It is argued that whether federal or state principles of res judicata are applied, the judgment bars further litigation of this state court suit because the Westridges could have raised their fire-damage claims along with the failure-to-settle claims asserted in the federal court action. Because both suits were between the same parties and both arose from the 1983 fire, USF & G contends that all causes of action the Westridges may have had against it have been extinguished by the judgment of dismissal rendered by the federal court. In opposition, Twin RCities asserts that under either federal or state law, the trial court correctly found that the two suits did not arise from the same transaction or occurrence, as would be necessary to maintain USF & G’s exception of res judicata.[2]
*18 While both insurers have presented arguments regarding whether federal or state law applies here, this court has previously determined that the federal rules of res judicata govern when the judgment claimed as a bar to further state court litigation was rendered by a federal court exercising diversity jurisdiction. Palmer v. Lanco Construction, Inc., (La.App. 4th Cir. 1995), 665 So.2d 1217, 1220 (relying on Pilié & Pilié v. Metz, 547 So.2d 1305 ([La.1989])); see also de la Vergne v. de Lamaze, (La.App. 4th Cir.1996), 670 So.2d 599. Under the federal rules, res judicata precludes a subsequent suit if:
(1) both cases involve the same parties;
(2) the prior judgment was rendered by a court of competent jurisdiction;
(3) the prior decision was a final judgment on the merits; and
(4) the same cause of action is at issue in both cases.
Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., (La.1996), 666 So.2d 624, 633 (citations omitted). In the federal Fifth Circuit, the test for the fourth element is whether the same transaction is involved in the two actions, i.e., whether “the same nucleus of operative facts” gave rise to both suits. Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 665 (5th Cir.1994) (citing Matter of Howe, 913 F.2d 1138, 1144 [5th Cir.1990]).
In this case, we find that the two suits did not arise out of the same nucleus of operative facts. This state court action arose out of the 1983 fire, and requires proof that USF & G had issued a policy to CBI, that its insured was negligent, that Uthis negligence caused the Westridges to suffer a loss and the extent of that loss. Other than its issuance of a policy, USF & G’s conduct is irrelevant to Whether and how much the Westridges might recover.
In the federal suit, in contrast, it was asserted that USF & G’s conduct since the fire entitles the Westridges to recover for losses incurred in subsequent years. Assuming it could be established that USF & G had a duty to these third party claimants, the operative facts to be proven would be the “fraud, collusion, unethical business practices” and other wrongful conduct by USF & G, as well as proof of the damages arising not from the fire, but from the alleged deliberate delay in payment. In addition, as Twin Cities points out, the asserted liability for bad faith negotiations would be outside of USF & G’s obligations under the insurance contract, which is the basis of its involvement in this state action. This distinction between the facts essential to each claim establishes that, while related, the two suits presented two different causes of action; the dismissal of one does not bar continued litigation of the other.
We further find that the policies behind claim preclusion do not favor its application here. “One of the goals of res judicata is to promote judicial economy and fairness.... ‘[Pjrinciples of res judicata are not ironclad,’ but must be applied to accomplish justice in the light of public policy.” Terrebonne Fuel & Lube, 666 So.2d at 635 (quoting Jackson v. Johns-Manville Sales Corp., 727 F.2d 506, 521 [5th Cir.1984]). This state action has been pending for years, and liability has already been determined. All that remains is the determination of the amount of damages owed to the Westridges and other remaining plaintiffs. At this late point, applying a total bar to any recovery would be neither fair nor just. Because USF & G did not have to litigate extensively in federal court and will not have to re-litigate in state court any issues that were decided there, its continued ^defense of the present action is not prejudicial.
Accordingly, the judgment of dismissal in federal court does not bar further prosecution of the Westridges’ claim in this suit, and the trial court did not err in overruling USF & G’s exception of res judicata.
WRIT GRANTED; JUDGMENT AFFIRMED.

. The judgment of liability was not rendered against Twin Cities, CBX’s excess insurer, because plaintiffs had not introduced the policy into evidence; this court remanded the matter with instructions that the coverage issue be decided prior to a determination of damages. Westridge, 598 So.2d at 591.

. Mr. Westridges's pro se brief does not address the issues raised here.