JjDOUCET, Chief Judge.
The Plaintiff, Carl Rollins, appeals the dismissal, pursuant to an exception of res judicata, of his suit for property damage sustained in a motor vehicle accident.
On September 24, 2000, Linda Rollins was driving a 1989 Ford pick-up truck west on Rollins road in Bayou Chicot when she was essentially run off the road by an oncoming vehicle which was hauling a trailer full of branches and limbs which projected into her lane of travel. She brought suit on her own behalf and on behalf of her minor child, Eric Rollins, against the driver of that vehicle, Thomas Hartzfelds and his insurer, Allstate Insurance Company, seeking damages for past, present and future physical pain and suffering; past, present and future mental pain and suffering; medical expenses and property damages. The trial court rendered judgment in favor of the Plaintiffs and awarded Linda medical expenses of $278.90 and $1800.00 in general damages. The court further awarded Eric Rollins $257.00 in medical expenses and $2000.00 in general damages. The court found that the evidence did not support an award of property damage.
Subsequently, Carl Rollins, Linda’s spouse, filed this suit against Hartzfelds and Allstate seeking an award for property damage to the truck involved in the accident. The Defendants filed an exception of res judicata. The trial court granted the exception and dismissed the Plaintiffs demand. Rollins appeals.
Carl alleges that the vehicle was his separate property and that, as such, he was the proper party to bring a claim for damage to it. He further argues that because he was not joined as a party to Linda’s suit, the previous judgment does not have a res judicata effect on this suit, in that the requirement of identity of the parties has not been met.
[^Identity of parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. Sun Finance Co., Inc. v. Jackson, 525 So.2d 532 (La.1988); Welch v. Croum Zellerbach Corp., 359 So.2d 154 (La.1978). See also Duffy v. Si-Sifh Corp., 98-1400 (La.App. 4th Cir.01/09/99), 726 So.2d 438, writ denied, 99-0372 (La.04/30/99), 741 So.2d 14; Arthur v. Zapata Haynie Corp., 95-956 (La.App. 3d Cir.01/22/97), 690 So.2d 86, writ denied, 97-1031 (La.05/30/97), 694 So.2d 252, cert. denied, 522 U.S. 860, 118 *679 S.Ct. 162, 139 L.Ed.2d 106 (1997); Morris v. Haas, 95-75 (La.App. 5th Cir.05/30/95), 659 So.2d 804, writs denied, 95-2519, 95-2545 (La.12/15/95), 664 So.2d 441.
As noted in Terrebonne Fuel & Lube, Inc., supra, Louisiana’s res judicata law was broadened by the 1990 amendment and is now in line with federal provisions. Under federal law, the preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the “privies” of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty’s interests were adequately represented by a party to the action who may be considered the “virtual representative” of the nonparty because the interests of the party and the nonparty are so closely aligned. Gilbert v. Visone, 30,204 (La.App.2d Cir.02/25/98), 708 So.2d 496; Condrey v. Howard, 28,442 (La.App.2d Cir.08/21/96), 679 So.2d 563, writ denied, 96-2335 (La.11/22/96), 683 So.2d 281, citing Meza v. General Battery Corp., 908 F.2d 1262 (5th Cir.1990). The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interests in the factual and legal issues presented in the respective actions. Gilbert, supra (citations omitted).
While La. R.S. 13:4231 provides for a broad application of res judicata and has as its purpose to foster judicial efficiency and protect defendants from multiple lawsuits, La. R.S. 13:4232 provides exceptions in which a judgment does not bar another action by a plaintiff. Those exceptions are:
(1)When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.
As stated in the official comment, La. R.S. 13:4232 gives a court the authority to exercise its equitable discretion to balance the principle [3of res judicata with the interests of justice. Fine v. Regional Transit Authority, 95-2603 (La.App. 4th Cir.06/26/96), 676 So.2d 1134; Jenkins v. State, 615 So.2d 405 (La.App. 4th Cir.1993), writ denied, 617 So.2d 932 (La.1993).
Hudson v. City of Bossier, 33,620, pp. 8-9 (La.App. 2 Cir. 8/25/00); 766 So.2d 738, 743-44 writ denied, 00-2687 (La.11/27/00); 775 So.2d 450 (emphasis deleted).
We find no evidence of record to show that the truck involved in the accident was Carl’s separate property. Therefore, it must be presumed to be a community asset. La.Civ.Code art. 2340. This court stated in Dinger v. Shea, 96-448, p. 7 (La.App. 3 Cir. 12/11/96); 685 So.2d 485, 489 that: “Pursuant to La.Code Civ.P. art. 686, either spouse may sue to enforce a community right.” This court further noted that although a spouse may be a necessary party to enforce a community right, La.Code Civ.P. art 686 requires joinder only where failure to do so would cause an injustice to the non-party spouse. The thing demanded here, property damage, would have been the same regardless of which party the claim. Therefore, Carl Rollins’ participation was not required for complete representation of his community right.
In this ease the Plaintiffs interests were adequately represented by his spouse in the first suit in that she was attempting to enforce a community right. Therefore, the trial court properly sustained the excep *680 tion of res judicata and dismissed the Plaintiffs action.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Plaintiff Appellant.
AFFIRMED.