MOORE, J.
The plaintiffs, Sharon and Michael Cox, appeal a judgment that sustained exceptions of no cause of action, no right of action, and res judicata, and dismissed their claims against Jordon Davisson for money lent and services rendered to Jordon's father, Andrew Davisson, prior to his death. We affirm.
FACTUAL BACKGROUND
In 2012, Andrew Davisson was a 42-year-old man with serious mental health and drinking issues. For several years, he lived with his mother; at some point, they retained Michael Cox, an attorney in Bossier City, for various unspecified legal issues. The mother died in early 2012, and in March of that year, Andrew hired Michael to represent him in his mother's succession. Andrew also agreed to let Michael's wife, Sharon Cox, help him with his personal affairs, which included managing his own house, in Bossier City, his late mother's house, four doors down, and his grandmother's house, in Shreveport.
According to their petition, the Coxes rendered extraordinary services, helping Andrew renovate all three houses, negotiating the sale (to Sharon) of partial interests in the houses, lending him thousands of dollars, and providing general financial management. In May 2012, Andrew wrote an olographic will that disinherited his son, Jordon, for striking him, and left his entire estate to Sharon.
Andrew died in February 2014. Twelve days later, Sharon filed a petition to probate the olographic will; Michael signed the petition as Sharon's attorney. Jordon, the disinherited son, contested the will on grounds that Andrew lacked testamentary capacity and that the Coxes had wielded *636 undue influence over him in his declining days; he also contended the sales of real estate to Sharon lacked adequate consideration.
After a three-day bench trial, the district court agreed with Jordon, finding that Andrew lacked physical and mental capacity to execute the will and that the will was the product of undue influence by the Coxes. The court also declared the sales of real estate to Sharon null and void for Michael's failure to use proper notarial form. A motion for reconsideration was filed by "Movers, Sharon Cox and Michael Cox," alleging that "both are judgment debtors." The district court denied reconsideration.
Sharon appealed. This court ruled that the record did not support the finding of Andrew's lack of testamentary capacity, but that it did support the finding of undue influence and the nullity of the cash sales. The Supreme Court denied Sharon's writ application. Succession of Davisson , 50,830 (La. App. 2 Cir. 12/22/16), 211 So.3d 597, writ denied , 2017-0307 (La. 4/7/17), 218 So.3d 111.
PROCEDURAL HISTORY
Twenty days later, Sharon and Michael filed the instant petition against Jordon, as "successor to the estate of Andrew Davisson" and who has "presumably accepted same." The Coxes traced a long and intricate narrative of their relationship with Andrew. In their telling, Andrew was the true manipulator, drawing them into an ever-deepening commitment of legal and personal services, in exchange for the understanding that he would remember them in his will. The Coxes recited items of uncompensated professional services and labor rendered to Andrew, and alleged that Andrew had repeatedly promised to repay them. Their demands totaled $164,000.
Jordon responded with peremptory exceptions of no cause of action, no right of action, and res judicata. In support of no cause and no right, he cited La. C.C. art. 1416 B, "A creditor has no action for payment of an estate debt against a universal successor who has not received property of the estate[,]" and the first sentence of La. C. C. P. art. 3246, "A creditor of a succession may not sue a succession representative to enforce a claim against the succession until the succession representative has rejected the claim." Jordon alleged that the estate was still under administration, he had not yet received any property, and the Coxes had never made any formal demand of the executor. In support of res judicata, Jordon cited La. R.S. 13:4231, arguing the judgment in the succession proceeding was final and valid; even though Sharon was the named plaintiff in the succession proceeding, Michael inserted himself into the case, even identifying himself as a "mover" in the motion for reconsideration; all the current claims existed at the time of the succession proceeding; and all the current claims arose out of the same transaction or occurrence. Jordon also showed that the Bossier Parish District Attorney had filed five bills of information against Michael for the "services" rendered to Andrew, so there was likely no legal basis for the claim of professional fees.[1]
At the hearing on the exceptions, August 3, 2017, Michael represented himself *637 and Sharon. He did not dispute the application of La. C.C. art. 1416and La. C. C. P. art. 3246. Instead, he argued that the cause of action in the succession, a summary proceeding to annul a will, was not identical to the current claim, for debt collection, and that the parties were not the same. Counsel for Jordon responded that all the current allegations "were specifically raised and addressed," not only at trial but in motions for new trial and for reconsideration.
ACTION OF THE DISTRICT COURT
The district judge ruled from the bench that he had read every word of the file and a summary of the testimony in the succession trial. He concluded that the current claims would not "pass the smell test." He then found that under Art. 1416, there was no appropriate person to sue, as the succession is still under administration. As to res judicata, he stated, "When you read the Second Circuit Court of Appeal's decision, all those [claims] have been disposed." He conceded that Michael raised some arguments, but "the court is not going to follow you down those rabbit holes." The court therefore sustained all exceptions and rendered judgment dismissing the Coxes' claims with prejudice.
The Coxes have appealed. By four assignments of error, they contend the court erred in (1) sustaining the exception of no cause of action, (2) sustaining the exception of no right of action, (3) sustaining the exception of res judicata, and (4) denying them due process.[2]
DISCUSSION
By their first assignment of error, the Coxes contend the court erred in sustaining the exception of no cause of action. They contend that the law recognizes a claim for loans and services rendered.
The purpose of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. McCarthy v. Evolution Petr. Corp. , 2014-2607 (La. 10/14/15), 180 So.3d 252. La. C.C. art. 1416 B states, "A creditor has no action for payment of an estate debt against a universal successor who has not received property of the estate" (emphasis added). Jordon showed that he was a universal successor who had not yet received any property of the estate; clearly, the creditor has no action against him for an alleged estate debt. The first assignment of error therefore lacks merit.
In light of this finding, we pretermit any consideration of the Coxes' second assignment of error, regarding the exception of no right of action. Obviously, if no cause of action exists, it is immaterial to discuss who might own that cause of action. Landry v. Base Camp Mgmt. LLC , 2015-1377 (La. App. 1 Cir. 10/31/16), 206 So.3d 921, fn. 4, writ denied , 2016-2105 (La. 1/13/17), 215 So.3d 248.
By their third assignment of error, the Coxes urge the court erred in sustaining the exception of res judicata. They contend that "not one single claim" can be precluded by the prior suit, and that exceptional circumstances exist, deeply embedded in the petition and the expansive facts in both suits. By their fourth assignment, they concede that under *638 R.S. 13:4231, absolute identity of the parties to both suits is not required, and that preclusion occurs if the nonparty "controlled" the prior litigation, Hudson v. City of Bossier , 33,620 (La. App. 2 Cir. 8/25/00), 766 So.2d 738, writ denied , 2000-2687 (La. 11/27/00), 775 So.2d 450. Even so, they contend, the concept of control or virtual representation must be narrowly construed and is not satisfied merely by showing the parties had common or parallel interests in the issues raised in the prior litigation, Gilbert v. Visone , 30,204 (La. App. 2 Cir. 2/25/98), 708 So.2d 496.
Res judicata is governed by La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under this statute, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chauvin v. Exxon Mobil Corp. , 2014-0808 (La. 12/9/14), 158 So.3d 761. The chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject of the first action. Burguieres v. Pollingue , 2002-1385 (La. 2/25/03), 843 So.2d 1049. The preclusive effect of a judgment binds the parties to the action and nonparties who are deemed "privies" of the parties in these limited circumstances: (1) the nonparty is a successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. Forum for Equality PAC v. McKeithen , 2004-2551 (La. 1/19/05), 893 So.2d 738 ; Gilbert v. Visone , 30,204 (La. App. 2 Cir. 2/25/98), 708 So.2d 496.
The first two requirements set out in Chauvin are easily satisfied: the judgment in Succession of Cox is final, and there is no contention that it is a nullity. As for the third requirement, the parties are not absolutely identical, as only Sharon was the named plaintiff in Succession of Cox , while both Sharon and Michael are plaintiffs in the instant suit. However, in Succession of Cox , Michael drafted the plaintiff's petition and he was later disqualified from representing her because he was a "material witness." After hearing the evidence in Succession of Cox , the district court referred to "the second set of parties" as "Attorney Michael Cox * * * and his wife Sharon." Notably, the plaintiff's motion for reconsideration referred to "Movers, Sharon *639 Cox and Michael Cox" and alleged that "Sharon Cox and Michael Cox [are] both judgment debtors and therefore * * * entitled to participate in any future hearings related to the aforementioned pleadings[.]" From these facts, it is clear that Michael either controlled the prior litigation or had his interest adequately represented by Sharon. The district court did not err in finding an identity of the parties by virtual representation.
As for the fourth requirement of Chauvin , the causes of action asserted in the instant suit existed when Sharon filed the first petition, as the Coxes alleged they provided loans and services to Andrew prior to his death. As for the fifth requirement, the loans and services were not technically the cause of the first petition, which was to probate Andrew's olographic will, but they arose from the same transaction, occurrence or course of conduct that fueled the dispute. If any elaboration were needed, this court's prior opinion recognized, "According to the Coxes, Andrew owed Michael over $10,000.00 in legal fees and owed Sharon $45,000.00 for taking care of him." We concluded, "The Coxes provide no evidence that Andrew owed them any money. To the contrary, the record suggests the Coxes owed Andrew money." In short, the issue of Andrew's alleged debts to the Coxes was actually litigated and determined in Succession of Davisson , satisfying R.S. 13:4231 (3) and the fifth requirement of Chauvin . The district court did not err in finding R.S. 13:4231 applied to bar this suit.
By their fourth assignment of error, the Coxes urge the district court denied them due process. Much of the argument overlaps res judicata, but they also contend that the district court impermissibly relied on a "smell test" and "rabbit holes," concepts which have no formal existence in the law and evinced a refusal to evaluate the actual facts of the case. They also argue that exceptional circumstances may justify relief from the res judicata effect of the prior judgment, La. R.S. 13:4232 A(1). While some of the judge's comments may have struck the Coxes as dismissive, he did not refuse to evaluate the evidence. Instead, he firmly stated that he had read a summary of the testimony in Succession of Davisson , as well as every word of the current file, and found that the arguments were diversionary-a conclusion that is not plainly wrong. We agree that exceptional circumstances may well exist, but they militate in favor of applying res judicata. The district court found, and this court affirmed, that the Coxes wielded undue influence over Andrew to disinherit Jordon and leave his whole estate to Sharon, and that Michael got Andrew to transfer real estate to Sharon by legally invalid instruments. The claim to be compensated for these "services" does not justify granting any relief from the application of res judicata. This assignment of error lacks merit.
CONCLUSION
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the appellants, Sharon and Michael Cox.
AFFIRMED .

The charges included filing false public records, unlawful exercise of notarial powers, theft of assets of an aged person, midgrade theft, and money laundering. This court takes judicial notice that a Bossier Parish jury found Michael guilty of unauthorized exercise of notarial powers on March 9, 2018; the conviction, obviously, is not final, and the other charges are pending.

This court also takes judicial notice of the fact that the Supreme Court suspended Michael from the practice of law on January 24, 2018, after he filed his appellate brief in this matter. He notified this court that he would argue his case sui juris and that Sharon would argue hers in proper person; however, neither appeared for the oral argument they requested, on April 9, 2018.