BROWN, C.J.
| William T. Edwards sold his property to Johnny Carl Parkerson on October 21, *246 2010. William H. Hallack, Jr. served as the closing attorney. Subsequently, the property was acquired by another party before finally being purchased at auction. On October 24, 2014, Travis Edwards, on behalf of and as curator for his father, William T. Edwards, filed suit against multiple defendants, including Hallack. Travis Edwards sought damages from Hallack, alleging that Hallack had committed fraud. Hallack filed exceptions of peremption and prescription and a motion for summary judgment. Plaintiff filed an opposition to the exceptions, but failed to file an opposition to defendant’s motion for summary judgment. Plaintiffs counsel failed to appear at the scheduled hearing, and the trial court granted Hallack’s motion for summary judgment. Thereafter, plaintiff appealed. We affirm.
FACTS
On October 24, 2014, Travis Edwards, on behalf of and as curator for his father, William T. Edwards, filed a petition for damages against the following defendants: the Succession of Johnny Carl Parkerson; Fortune Drive Investments, LLC; Attorney William H. Hallack, Jr.; J. Michael Rabun; Jack Fluke Realty Company[1]; and Kalil Properties VI, LLC. In his petition, plaintiff alleged that, beginning in February 2009, William T. Edwards was formally evaluated at Touro Rehabilitation Center in New ^Orleans, Louisiana, for declining neurocognitive functioning and was diagnosed with dementia. On June 18, 2010, Ned M. Jabour, Ph.D., treating psychologist of William T. Edwards, met with Travis Edwards and defendant, attorney William H. Hallack, Jr., for two hours discussing William T. Edwards’ mental and emotional impairments before concluding that William T. Edwards was “no longer ... mentally capable to care for himself and his financial needs.” Hallack was present because Edwards had contacted him about drafting a power of attorney over his father.
Plaintiff alleged that, on August 16, 2010, he filed a petition for interdiction of William T. Edwards due to his neurocogni-tive decline and dementia, and around that date, he delivered via facsimile and U.S. mail a copy of the petition for interdiction to defendants, Johnny Carl Parkerson, Jack Fluck, J. Michael Rabun, and attorney Hallack. Travis argued that defendants had actual and/or constructive knowledge that William T. Edwards lacked the legal capacity to convey his residence.
On October 21, 2010, a sale of the property was executed between William T. Edwards as vendor and Johnny Carl Parker-son as vendee. Plaintiff asserted that this purported act of sale occurred because Johnny Carl Parkerson, Fortune Drive Investments, LLC, William H. Hallack, Jr., J. Michael Rabun, and Jack Fluck Realty Company conspired together and fraudulently executed documents to convey Edwards’ residence located at 2007 Essex Street, Monroe, Louisiana, together with all of the home’s contents. Plaintiff alleged that Hallack served as the closing attorney in this transaction.
|sOn May 5, 2011, plaintiff filed and re-, corded a notice of lis pendens in the 22nd J.D.C., Parish of St. Tammany, State of Louisiana, specifically describing the effect to render null and void any “title change of ownership” regarding the property located *247 at 2207 Essex Street, Monroe, Louisiana. On November 23, 2011, a judgment of interdiction was granted retroactive to the filing date of August 16, 2010.[2]
On May 16, 2014, J. Michael Rabun, as mortgagee, by writ of seizure and sale, took possession of said property from the Succession of Johnny Carl Parkerson and Fortune Investment Properties, LLC. On July 9, 2014, Kalil Properties VI, LLC, purchased the property at auction. In his petition for damages, plaintiff argued that since the original sale to Johnny Carl Par-kerson constituted fraud, Kalil Properties VI, LLC, was required to return said property to his father, William T. Edwards. Plaintiff requested that judgment be rendered in his favor and against defendants for such damages as are reasonable, together with legal interest, attorney fees, all costs of these proceedings, and for all general and equitable relief.
On December 22, 2014, Hallack filed an exception of lack of procedural capacity and vagueness. Hallack argued that plaintiff alleged fraud but failed to do so with requisite particularity. On April 28, 2015, the district court denied Hallack’s exception of lack of procedural capacity but granted his exception of vagueness and gave plaintiff 30 days to amend his petition.
On May 22, 2015, plaintiff amended his petition, wherein he alleged the following concerning the fraud:
|41. William T. Edwards was a trustee and tutor for his grandson, Alexander Hale Lashley. Alexander Hale Lashley was a victim of medical malpractice causing significant brain damage and injuries. Alexander Hale LasMe/s medical malpractice case was resolved for a significant amount of money ($500,000).
2. William T. Edwards routinely drank coffee with defendants, Johnny Carl Parkerson, Hallack and Jack Fluck. Johnny Carl Parkerson saw an opportunity to make money by getting involved in the management of Alexander Hale Lashley’s money.
3. Johnny Carl Parkerson re-activated his law license and convinced William T. Edwards to hire him to “confess his sins.”
4. Johnny Carl Parkerson fabricated legal bills and loaned money in order to gain financial leverage over Williams T. Edwards to make himself money.
5. On October 21, 2010, with the assistance of Hallack and Jack Fluck, Johnny Carl Parkerson bought William T. Edwards’ sole residence (including all of his personal belongings).
6. Hallack conspired with Johnny Carl Parkerson in order to assist his friend in making money.
7. Hallack was involved in the drafting and execution of a counter letter involved in the sale of William T. Edwards’ sole residence,[3]
On January 11, 2016, Hallack filed exceptions of peremption and prescription and a motion for summary judgment.[4] In support of his motion for summary judgment, defendant re-urged his exceptions of peremption and prescription and argued that the undisputed facts prove that plaintiffs claim against Hallack is untimely, and *248 that he cannot establish genuine issues of material facts. Thus, summary judgment should be granted. In support, Hallack submitted the following documents:
1) Petition for Damages;
|¾2) First Amended and Supplemental Petition for Damages;
3) Partial Deposition of Travis Edwards;
4) Partial Deposition of Hallack;
5) Report of Curator Ad Hoc; and
6) Select Pages of Certified Copy of Interdiction Proceeding.
Thereafter, the district court picked a date that had been submitted by Hallack’s counsel, March 17, 2016, because Edwards’ counsel did not respond to voice mails and faxed letters from Hallack’s counsel asking for available dates for a hearing. Hallack’s attorney made several attempts to serve Edwards’ counsel after the matter was set for a hearing, but the service returns came back “unable to serve” because Edwards’ counsel was “not at this address.” Moreover, Edwards’ counsel refused to sign via certified mail, thus the package was returned. The attorney had moved to California.
Finally, Hallack filed into the record the affidavit of service by the private process server. In this affidavit, the private process server asserted that he personally served Travis Edwards with multiple pleadings and orders, including the motion for summary judgment and exceptions of peremption and prescription, together with supporting memorandums and exhibits.
On April 11, 2016, Edwards’ counsel fax-filed a motion, seeking a continuance of the April 14, 2016, hearing date. The reason given for the continuance request was that Edwards’ counsel was in California for medical treatment for his son through May of 2016. Hallack asserted that Edwards’ counsel agreed to a hearing date of June 22, 2016, for the motion and exceptions. Hallack contended that part of the agreement was that plaintiff would waive service of the new hearing date.
On June 8, 2016, plaintiffs attorney filed an opposition to the exceptions of peremption and prescription.
|nOn June 20, 2016, plaintiffs counsel fax-filed a motion for continuance, arguing that he had not been served and did not have a copy of Hallack’s motion for summary judgment. Counsel argued that he only agreed to a rescheduled hearing date of June 22, 20Í6, for Hallack’s exception of peremption and prescription, not the motion for summary judgment.
On June 22, 2016, the trial court held the hearing on Hallack’s motion for summary judgment and exceptions of peremption and prescription. Plaintiffs counsel was not present at this hearing. The trial court took note that plaintiff had not filed an opposition to Hallack’s motion for summary judgment. The trial court ruled in favor of Hallack, granting the motion for summary judgment, and held that Hal-lack’s exceptions of peremption and prescription were rendered moot.
A written judgment followed wherein the court dismissed all of plaintiffs claims against Hallack. Edwards has appealed from this judgment.[5]
DISCUSSION
In his only assignment of error, plaintiff argues that the motion for summary judgment should not have been granted because it was not properly before the trial court. Specifically, plaintiff argues *249 that service of the motion for summary judgment was never effected upon his counsel. Plaintiff asserts that “someone at district court” advised his counsel that his, motion to continue had been granted.
[7A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction. La. C.C.P. art. 2002. An action to annul a judgment on this ground may be brought at any time. Id.
The record shows that Hallack made several unsuccessful attempts to serve plaintiffs counsel pursuant to the Louisiana Code of Civil Procedure. Hallack even tried service via certified mail, but this attempt failed when plaintiffs counsel refused to sign for the package. Thereafter, Hallack discovered that plaintiffs counsel had moved to California without providing a forwarding address. Finally, on April 3, 2016, the court appointed a private process server to personally serve plaintiff, Travis Edwards, with Hallack’s motion for summary judgment, the exceptions of prescription and peremption, and supporting mem-oranda and exhibits at plaintiffs domicile in Tallulah, Louisiana. Edwards does not dispute that he was personally served. Also, the record reflects that Edwards forwarded copies of the pleadings to his counsel.
Considering this, we find that personal service of all of Hallack’s motions upon plaintiff on April 3, 2016, complied with the service provisions of the La. C.C.P. art. 1232. Further, plaintiffs counsel agreed to the hearing date on the exceptions.
Prescription on claims for legal malpractice is governed exclusively by La. R.S. 9:5605, which provides, in pertinent part, as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional . corporation, company, organization, association, enterprise,, or other- commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort1, or breach of contract, or otherwise,, arising \ ¡put of an engagement to provide legal services shall be brought unless filed in-a court of competent ■ jurisdiction : and proper venue within, one year .from the date of the alleged act, omission, or neglect, or within .one year from the date that the alleged act, omission, or neglect is discovered or should , have been discovered; however, even as to actions filed within one year from, the date of such discovery, in all events, such actions shall be filed at the latest within, three years from the date of the alleged act, omission, or neglect. (Emphasis ¡ added.) B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or' neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7,: 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of-limitation provided in Subsection A of this Section are peremptiye periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code. Article 3461, may not be renounced, interrupted, or suspended.'
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud,, as defined ,in Civil Code Article 1953. , .
*250 Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 8458. Under La. C.C. art. 1953, fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
The title of the La. R.S. 9:5605 is “Actions for legal malpractice.” Louisiana Revised Statute 9:5605 provides that the peremptive period applies only in claims concerning legal malpractice. See also Shreveport Credit Recovery, Inc. v. Modelist, 33,369 (La.App. 2 Cir. 05/15/00), 760 So.2d 681, writ denied, 00-2159 (La. 10/27/00), 772 So.2d 125. This unambiguous interpretation is contained clearly in the statute’s language |fl“arising out of an engagement to provide legal services.” Louisiana Revised Statute 9:5605 further provides that regardless of plaintiffs allegation, if the attorney'was providing legal services when the supposed wrongdoing occurred, it falls under the statute’s purview. See also Broussard v. F.A. Richard & Associates, Inc., 98-1167 (La.App. 3 Cir. 03/17/99), 732 So.2d 578, writ denied, 99-1048 (La. 06/04/99), 744 So.2d 625; cf. Commonwealth Land Title Ins. Co. v. Jones, 06-1277 (La.App. 3 Cir. 02/07/07), 948 So.2d 1243, writ denied, 07-0515 (La. 04/27/07), 955 So.2d 693 (in which the court held that there must be at least a principal-agent relationship to fall within the purview of La. R.S. 9:5605).
In deposition, Hallack stated that he had previously been contacted by plaintiff to produce a power of attorney agreement, alhough it was never executed. Hal-lack stated that he was contacted by Johnny Carl Parkerson to assist in the purchase of Hallack’s client’s (William T. Edwards’) property. Hallack further stated that his firm produced the counter-letter for the act of sale. Therefore, when William T. Edwards purported to sell his property to Johnny Carl Parkerson on October 24, 2010, Hallack was acting in his capacity as an attorney for both Edwards and Parkerson. We find that because Hal-lack was providing legal services when the alleged wrongdoing occurred, plaintiffs claims against Hallack are within the scope of La. R.S. 9:5605.
Plaintiff stated that within a month or two of the October 21, 2010 sale, William T. Edwards told his son that “he had been lied to, not paid any money, and forced out of his house by defendant.” Plaintiff knew of Hallack’s alleged fraud no later than December 2010. He did not file suit linagainst Hallack until October 24, 2014. Therefore, his claims against Hallack have been perempeted by La. R.S. 9:5605.
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff, Travis Edwards.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, DREW, STONE, COX and BLEICH, JJ.
Rehearing denied.

. The actual name of the realty company is Jack Fluck Realty Company; this defendant was incorrectly referred to as Jack Fluke Realty Company in plaintiff's petition. This party, who was subsequently dismissed as a defendant on January 8, 2015, via a joint motion for dismissal without prejudice, will be referred to hereinafter as Jack Fluck Realty Company.

. The Edwardses were living in St. Tammany Parish at that time.

. A complaint was filed with the attorney disciplinary board against Parkerson and by agreement Parkerson was permanently disbarred.

.A memorandum in support of the exceptions of peremption and prescription was mistakenly titled "memorandum in support of summary judgment”.

. Plaintiffs counsel did not appear at oral argument and no explanation was provided to this Court for his absence.