MOORE, J.
Carolyn Rushing appeals a judgment that denied her motion for new trial, sustained an earlier judgment granting Makiva Johnson's peremptory exception of no right of action and prescription, and dismissed all claims against Ms. Johnson. For the reasons expressed, we amend and affirm.
PROCEDURAL HISTORY
The exception was tried on the pleadings, with no evidence offered.
*614 Ms. Rushing filed this petition in DeSoto Parish on September 15, 2017, against Terrance Simpson, Makiva Johnson and EXCO Operating LP.[1] She alleged that EXCO maintained a mineral lease on a tract of land in DeSoto Parish owned by Thomas Simpson. However, Thomas Simpson "deeded" this tract to Ms. Rushing by quitclaim deed dated December 7, 2010. Thomas Simpson died in January 2011, and the quitclaim was not recorded until April 7, 2011. According to Ms. Rushing's petition, the district court rendered a judgment of possession on March 30, 2011, and, after further litigation challenging the will, reinstated the judgment of possession on August 18, 2014; at a later hearing, the validity of the quitclaim deed was "discussed." However, the judgment of possession included the tract of land subject to the EXCO lease as part of the decedent's estate, despite the quitclaim deed that had transferred it to Ms. Rushing.
Ms. Rushing alleged that she would have objected to the proposed judgment, but she did not because it was "not approved by Ms. Rushing counsel [sic ] as to form and content, nor was a copy of the judgment served upon Ms. Rushing's counsel, nor was any notice received by counsel of the issuance of judgment." When she found out about it, she filed a motion to amend judgment, on September 9, 2015. Even earlier, in February 2013, she had written to EXCO demanding that it not disburse mineral royalties pending further notice.
Ms. Rushing further alleged that the court granted her motion to amend judgment in March 2016.[2] Then, Ms. Johnson filed an appeal, which was dismissed in September 2016, as well a "motion for new hearing," which was dismissed for nonpayment of costs.
The tenor of Ms. Rushing's claim was that as counsel for Terrance Simpson, Ms. Johnson failed to provide a proposed judgment to Ms. Rushing's counsel for approval, resulting in the inclusion of the tract subject to the EXCO lease as part of the estate; also, she provided this unapproved judgment to EXCO, resulting in the release of suspense royalties to Terrance Simpson instead of to Ms. Rushing. She demanded that Ms. Johnson produce "any policy of malpractice insurance" within 15 days, that EXCO provide an accounting and that Terrance Simpson return any royalties as payment of a thing not due.
Ms. Johnson filed a combined exception of no right of action, no cause of action and prescription. In her memorandum, she conceded that she was a Louisiana attorney and had represented Terrance Simpson in his father's succession since 2013. However, she had never represented Ms. Rushing, and without an attorney-client relationship there can be no legal malpractice claim, Red River Valley Bank v. Home Ins. Co. , 607 So.2d 892 (La. App. 2 Cir. 1992). For this reason, she argued, Ms. Rushing had no right of action to make a legal malpractice claim against her. She conceded that in some circumstances, an attorney may owe a duty to a third party, but Ms. Rushing had not alleged any such duty, so she also had no cause of action. Finally, she argued that by Ms. Rushing's own admission, she had knowledge of the alleged malpractice no later than September 9, 2015, when she filed a motion to amend the judgment of possession, *615 but she did not file the instant suit until September 15, 2017, over two years later. For this reason, she argued, the claim was prescribed, as La. R.S. 9:5605 A requires suit within one year of the discovery of the act, omission or neglect.
Ms. Rushing filed an ex parte motion for additional discovery requests, and a motion to continue the hearing on the exception, but she filed no opposition to the exception.
ACTION OF THE TRIAL COURT
At the hearing, in November 2017, the district court alluded to "two extensive pretrial conferences." Ms. Johnson reiterated her memorandum, stressing that Ms. Rushing filed no opposition to the exception.
Counsel for Ms. Rushing responded that he "had some trouble with" his filings, but the gist of his opposition was stated in the papers he did file, the motions for discovery and continuance. The court held that because he filed no opposition, under District Court Rule 9.9, he could not argue. Counsel also offered no evidence, such as copies of the quitclaim deed, judgments of possession or motion to amend judgment.
The court orally granted the exceptions of no right and prescription; stated that these rulings mooted the exception of no cause; and ruled that the grounds of the exceptions could not be removed by amendment. At Ms. Rushing's request, the court issued written reasons.
Ms. Rushing filed a motion for new trial arguing that the court erred in refusing to allow her to amend her petition, La. C.C.P. art. 934. She also argued, for the first time, that Ms. Johnson violated District Court Rule 9.5 by failing to provide opposing counsel with a copy of the proposed judgment of possession (in August 2014), and that court rules are just as binding on attorneys as statutes. Finally, she argued that three of the categories of contra non valentem applied to her claim and suspended the running of prescription. Ms. Johnson filed a memorandum in opposition to new trial.
The district court denied the motion for new trial, sustained the prior judgment and dismissed all claims against Ms. Johnson. The court later designated this a final, appealable judgment.
Ms. Rushing appealed the denial of her motion for new trial.
DISCUSSION
As a preliminary matter, we note Ms. Rushing's brief to this court does not fully comply with URCA 2-12.4, in that it does not contain assignments of alleged errors, a listing of issues presented for review, or a table of authorities. URCA 2-12.4 A(5), (6), (2). However, the text of her brief (essentially a reprint of her trial court brief in support of new trial) advances four arguments. In the interest of judicial efficiency, we will treat these arguments as assignments of error.
We also observe that the denial of a motion for new trial is, strictly speaking, interlocutory and not appealable. La. C.C.P. arts. 1914 C, 2083 C. However, the courts routinely treat the appeal of such a ruling as addressing the merits of the underlying judgment. Smith v. Hartford Acc. & Indem. Co. , 254 La. 341, 223 So.2d 826 (1969) ; Gilley v. Gilley Enters. , 51,328 (La. App. 2 Cir. 5/2/17), 222 So.3d 885, fn. 4. We therefore have analyzed this appeal as challenging the grant of Ms. Johnson's peremptory exception.
Exception of Prescription
By her second argument, Ms. Rushing urges that prescription did not begin to run until "the anniversary of the judgment being filed which rendered a final judgment *616 recognizing that the amended judgment of possession was final." She submits that she filed the instant suit one day before that anniversary, making it timely. She contends that until the judgment of possession was final, her action against Ms. Johnson would have been premature, and that she did not discover that EXCO was paying royalties until February 2017. Thus, she argues, the first three categories of contra non valentem applied: (1) a legal cause prevented the court from taking notice of the claim, namely, the fact that the appeal in the succession case was pending; (2) a condition connected with the proceedings prevented her from suing or acting, namely, the same fact as before; and (3) the intentional acts of the defendants concealed their acts and prevented Ms. Rushing from knowing her cause of action. Carter v. Haygood , 2004-0646 (La. 1/19/05), 892 So.2d 1261.
The time limit on claims against lawyers for their professional services is governed exclusively by La. R.S. 9:5605, which provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, * * * whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
Jenkins v. Starns , 2011-1170 (La. 1/24/12), 85 So.3d 612 ; Edwards on behalf of Edwards v. Parkerson , 51,357 (La. App. 2 Cir. 4/5/17), 218 So.3d 244, writ denied , 2017-0984 (La. 10/9/17), 227 So.3d 835. The time periods of R.S. 9:5605 A are peremptive, not merely prescriptive: they may not be renounced, interrupted or suspended. R.S. 9:5605 B; Jenkins v. Starns , supra ; Edwards v. Parkerson , supra . An attorney's post-malpractice acts of fraudulent concealment may constitute fraud and thus bar the application of the peremptive period. R.S. 9:5605 E; Lomont v. Bennett , 2014-2483 (La. 6/30/15), 172 So.3d 620.
An admission by a party in a pleading constitutes a judicial confession and is full proof against the party making it. La. C.C. art. 1853 ; C.T. Traina Inc. v. Sunshine Plaza Inc. , 2003-1003 (La. 12/3/03), 861 So.2d 156 ; Coleman v. Querbes Co. No. 1 , 51,159 (La. App. 2 Cir. 2/15/17), 218 So.3d 665.
Ms. Rushing alleged that Ms. Johnson committed malpractice by failing to provide a proposed judgment to Ms. Rushing's counsel for approval and then providing the unapproved judgment to EXCO. Reading the petition indulgently, we perceive that these events occurred sometime before February 2013, when Ms. Rushing asked EXCO to withhold royalties pending further notice, and no later than September 9, 2015, when she filed the motion to amend judgment. These allegations form a judicial confession that she knew of Ms. Johnson's conduct by September 9, 2015. La. C.C. art. 1853 ; C.T. Traina Inc. v. Sunshine Plaza Inc. , supra ; Coleman v. QuerbesCo. No. 1 , supra . She filed this suit on September 15, 2017, over two years later. Coming over one year after the alleged acts were discovered, the claim is obviously perempted. R.S. 9:5605 A. Because the peremptive period cannot be renounced, interrupted or suspended, the concept of contra non valentem does not apply to suspend it. Finally, Ms. Rushing *617 alleged no acts of post-malpractice concealment, which might bar the application of the peremptive period. R.S. 9:5605 E. Any such allegation would be untenable, given that she successfully discovered Ms. Johnson's acts by September 9, 2015. The district court did not err in sustaining the exception of prescription. Ms. Rushing's second argument lacks merit.
Exception of No Right of Action; Rule Violation
By her first argument, Ms. Rushing urges that an attorney may be held personally liable for his intentional tortious conduct. Penalber v. Blount , 550 So.2d 577 (La. 1989) ; Blanchard v. Blanchard , 2012-0106 (La. App. 1 Cir. 12/31/12), 112 So.3d 243, writ denied , 2013-0488 (La. 4/12/13), 111 So.3d 1013. She argues that Ms. Johnson "intentionally submitted a judgment in violation of Rule 9.5," and that rules of court are binding on the court and the litigants.[3] By her third argument, Ms. Rushing quotes District Court Rule 9.5: "the responsible attorney * * * shall circulate the proposed judgment * * * to counsel for all parties and to self-represented parties and allow at least five (5) working days for comment before presentation to the court." She contends that had Ms. Johnson complied with this, "the judgment would not have been filed as written," and that Ms. Johnson's noncompliance was an intentional act that harmed Ms. Rushing and conferred a right of action.
We will address these arguments only briefly; in light of the finding that the claim was perempted, it is immaterial to decide whether the plaintiff had a right to assert it. Wagoner v. Chevron USA Inc. , 45,507 (La. App. 2 Cir. 8/18/10), 55 So.3d 12, 178 Oil & Gas Rep. 978, writ denied , 2010-2773 (La. 3/2/12), 83 So.3d 1032 ; Davisson v. Davisson , 52,015 (La. App. 2 Cir. 5/23/18), 248 So.3d 633.
An attorney's paramount duty is, and must be, to his client. Scheffler v. Adams & Reese LLP , 2006-1774 (La. 2/22/07), 950 So.2d 641. An attorney does not owe a legal duty to her client's adversary when acting on her client's behalf. Id. ; Montalvo v. Sondes , 93-2813 (La. 5/23/94), 637 So.2d 127. However, an attorney may be held personally accountable for her intentional tortious conduct under the broad ambit of La. C.C. art. 2315 if her client's adversary can show that the attorney acted with a specific malice or intent to personally inflict direct harm upon the adversary and with full knowledge that her conduct would cause such harm. Montalvo v. Sondes , supra ; Penalber v. Blount , supra .
Ms. Rushing's petition alleged a failure to comply with Rule 9.5, but referred to Ms. Johnson as "negligent."[4] In addition, because Ms. Rushing discovered the Rule 9.5 violation and promptly filed a motion to amend judgment - which was later granted - it is difficult to see how the violation inflicted "direct harm." The few reported cases involving Rule 9.5 violations have found them to be harmless error. State in Matter of Litton , 51,757 (La. App. 2 Cir. 11/15/17), 245 So.3d 1075, fn. 2 ; Matter of Succession of Buhler , 2017-0049 (La. App. 1 Cir. 2/22/18), 243 So.3d 39, writ not cons. , 2018-0478 (La. 5/11/18), 241 So.3d 1013. The substance of the allegations, together with the peremption *618 of the claim under R.S. 9:5605, support the district court's finding that Ms. Rushing did not have a nonclient malpractice claim against Ms. Johnson.
We are constrained to find, however, that the district court erroneously sustained an exception of no right of action. Although the exceptions of no right of action and no cause of action are often confused or improperly combined in the same exception, they are separate and distinct. The exception of no right questions whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition, essentially, whether she has a legal interest in the subject matter. By contrast, the exception of no cause questions whether the law extends a remedy against the defendant to anyone on the factual allegations of the petition. Badeaux v. Southwest Computer Bureau Inc. , 2005-0612 (La. 3/17/06), 929 So.2d 1211 ; Penton v. Castellano , 48,433 (La. App. 2 Cir. 10/23/13), 127 So.3d 944, 300 Ed. Law Rep. 703, writs denied , 2013-2687, -2725 (La. 2/7/14), 131 So.3d 867, 869.
Ms. Johnson has not shown that, on the facts alleged, Ms. Rushing lacked the procedural capacity, standing or authorization to assert a nonclient malpractice claim against her. In short, the exception of no right of action was the wrong procedural vehicle. The courts have consistently held that a plaintiff who cannot meet the standard of proving a nonclient malpractice claim has no cause of action against the attorney. Penalber v. Blount , supra ; Succession of Carroll , 46,327 (La. App. 2 Cir. 7/20/11), 72 So.3d 384, writ not cons. , 2011-1844 (La. 11/4/11), 75 So.3d 912 ; Landry v. Base Camp Mgmt. LLC , 2015-1377 (La. App. 1 Cir. 10/31/16), 206 So.3d 921, writ denied , 2016-2105 (La. 1/13/17), 215 So.3d 248 ; Vance v. Federal National Mtg. Ass'n , 17-219 (La. App. 5 Cir. 12/20/17), 235 So.3d 1263, writ denied , 2018-0117 (La. 3/9/18), 237 So.3d 524. The district court erred in sustaining the exception of no right of action.
This court may notice, on its own motion, the failure to state a cause of action. La. C.C.P. art. 927 B; Langsford v. Flattman , 2003-0189 (La. 1/21/04), 864 So.2d 149 ; Lewla LLC v. Succession of Smith , 50,315 (La. App. 2 Cir. 1/27/16), 187 So.3d 10. For the reasons already discussed, this court sustains the exception of no cause of action as to Ms. Rushing's nonclient malpractice claim. The judgment will be amended accordingly.
By her fourth argument, Ms. Rushing urges that even if the ruling on the exception is affirmed, she should be allowed to amend her petition to remove the grounds of the exception, under La. C.C.P. art. 934. In light of Ms. Rushing's judicial confession that she knew about Ms. Johnson's conduct by September 9, 2015, but did not file suit until September 15, 2017, there is no way to remove the grounds of peremption under R.S. 9:5605. The fourth argument lacks merit.
CONCLUSION
For the reasons expressed, the judgment is affirmed insofar as it granted the exception of prescription, but amended to deny the exception of no right of action and to grant an exception of no cause of action. The request for leave to amend the petition is denied. All costs are to be paid by Carolyn Rushing.
AMENDED AND AFFIRMED.

Ms. Rushing misspelled Ms. Johnson's name in the caption as "Makvia"; it is actually Makiva. Also, Ms. Rushing originally called the corporate defendant "EXCO Resources Inc.," but changed this by amended petition filed after the instant judgment was rendered.

The petition does not, however, allege what the amended judgment stated.

In support, she cites Sciortino v. Sciortino , 250 La. 727, 198 So.2d 905 (1967), but this case was expressly overruled in State v. Augillard , 371 So.2d 798 (La. 1979).

By amended petition, Ms. Rushing alleged that "Defendants' actions were intentional," but because judgment had already been rendered dismissing Ms. Johnson, the court disallowed the amendment as to her.