Judgment rendered January 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,128-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

VELANDERA PETROPHYSICAL                    Plaintiffs-Appellants
CONSULTING, LLC, GBENGA
FUNMILAYO, KEITH FERGUSON,
PATTY ABNEY, CATHY BRINKLEY,
AKINTUNDE ADEMOLA, OLUKEMI
FUNMILAYO

versus

VELANDERA ENERGY PARTNERS LLC          Defendant-Appellee

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 48,640

Honorable Jeffrey L. Robinson, Judge

* * * * *

SMITH & NWOKORIE, LLC                      Counsel for Appellants
By: Anselm N. Nwokorie
     Brian G. Smith

SHOTWELL, BROWN & SPERRY, APLC             Counsel for Appellee
By: C. A. Martin, III

* * * * *

Before PITMAN, STONE, COX, STEPHENS, and HUNTER, JJ.


PITMAN, J., concurs in the result.

HUNTER, J., dissents with written reasons.

STONE, J., dissents for reasons assigned by J. HUNTER.

**COX, J.**

Velandera Petrophysical Consulting, LLC ("Velandera Consulting"), Gbenga Funmilayo ("Funmilayo"), Keith Ferguson ("Ferguson"), Patty Abney ("Abney"), Cathy Brinkley ("Brinkley"), Akintunde Ademola ("Ademola"), and Olukemi Funmilayo ("Olukemi"), collectively referred to as "Plaintiffs," filed a petition against Velandera Energy Partners, LLC ("Velandera Energy"). Velandera Energy filed an exception of res judicata, which the district court sustained. Plaintiffs now appeal. For the following reasons, we affirm the district court's judgment.

## FACTS

Funmilayo is a member of Velandera Consulting, which has been in business since at least 2014. As of October 2016, Velandera Consulting employed six professionals—Funmilayo, Olukemi, Ferguson, Abney, Brinkley, and Ademola.[1] Velandera Consulting was in the business of researching, sourcing, and negotiating oil and gas interests for other companies to purchase.

In 2017, Funmilayo, on behalf of Velandera Consulting, approached Manish Raj ("Raj") about purchasing oil and gas targets that Velandera Consulting had been developing to sell. At this time, Funmilayo would sometimes do business as Velandera Partners, although the record does not indicate this "partnership" was ever a registered business. Raj agreed to fully fund and own Velandera Partners and purchase some of the oil and gas targets that Velandera Consulting had been developing.

---

[1] According to the transcript during the hearing on September 24, 2020, these individuals were never members of or employees of Velandera Energy Partners, LLC, and their services were obtained by Funmilayo on behalf of Velandera Consulting.

Raj registered Velandera Energy with the Texas Secretary of State on January 22, 2018. Raj and Schanti Corporation (a corporation owned by Raj) are the sole members of Velandera Energy. Raj hired Funmilayo, in his individual capacity, to manage Velandera Energy in June 2018. Velandera Energy, through Funmilayo, had engaged the services of Velandera Consulting to source, vet, and negotiate several acquisition targets, including "Elevation, Henry, ERG, Amplify, Foothills, BlueRock, Alta Mesa, and SWN." On July 19, 2018, Funmilayo was removed as manager of Velandera Energy.

Actions by Funmilayo while acting as manager prompted Velandera Energy to fire Funmilayo. Velandera Energy and Funmilayo participated in a mandatory arbitration, which occurred in Texas, and which arbitration was initiated by Funmilayo after Velandera Energy filed suit to enjoin Funmilayo from further action regarding Velandera Energy. The arbitration award was entered on January 7, 2019, and a Texas state court confirmed the arbitration award. The arbitration resulted in the following:

1. Manish Raj and Schanti Corp. are the sole members of Velandera Energy Partners, LLC.

2. Gbenga Funmilayo is not and never was a member of Velandera Energy Partners, LLC.

3. Funmilayo no longer has the right to act as a manager of Velandera, effective July 19, 2018 at 4:30 p.m.

4. Actions taken by Funmilayo in the purported capacity of member or manager of Velandera on or after July 19, 2018, are invalid.

5. Action taken by Funmilayo to admit members to Velandera without the participation of Manish Raj and Schanti Corp., including the admission of Akintunde Ademola, Michael O. Ojo, and Olukemi Funmilayo, are invalid.

2

6. The "Contract Agreement between Velandera Energy Partners, LLC and Gbenga Funmilayo of Velandera Petrophysical Consulting LLC" is invalid and unenforceable.

The following injunctive relief was confirmed by the Texas court:

1. Velandera Energy Partners LLC's claims for money damages are denied.

2. Funmilayo's claim for attorney fees in connection with his motion to compel arbitration is granted as to Velandera Energy Partners LLC in the amount of $4,900.

3. All other claims by Funmilayo are denied.

4. The administrative fees and expenses of American Arbitration Association totaling $6,250 shall be borne as incurred and previously paid to the Association, and the compensation for expenses of the arbitrator totaling $10,745 shall be borne 25% by Velandera Energy Partners LLC and 75% by Funmilayo. Therefore, Funmilayo shall reimburse Velandera Energy Partners LLC the additional sum of $8,058.75, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Velandera Energy Partners LLC, Manish Raj and Shanti Corp.

On January 22, 2019, Plaintiffs filed a petition against Velandera Energy in Union Parish, Louisiana. Plaintiffs alleged that in October 2017, they secured the acquisition of SWN, located in Union Parish, Louisiana, for Velandera Energy and continued to provide services to Velandera Energy until July 19, 2018. They alleged that Velandera Energy agreed to assign Velandera Consulting a 25 percent overriding royalty interest ("ORRI") in SWN in a contract agreement with the date of acquisition as the effective date.[2] Plaintiffs alleged in their petition that as of July 19, 2018, Velandera

---

[2] Plaintiffs stated that they attached this contract as "Exhibit A" to the petition, but there are no attachments filed in the record. However, the contract between Velandera Energy and Funmilayo is included in the record, which includes a 25% ORRI regarding the SWN asset. This ORRI contract was ruled invalid and unenforceable by the arbitration and Texas judgment.

Energy owed them $4,393,553 in compensation, costs, and expenses for services rendered. Plaintiffs also alleged that Velandera Energy agreed that Plaintiffs would manage and operate the acquired assets and be compensated with 25 percent of the net revenue from the asset. Velandera Energy closed on the SWN asset on July 12, 2018. Plaintiffs alleged that Velandera Energy has refused to assign to them the ORRI, make any payments, or record the ORRI contract in the conveyance records of Union Parish. Plaintiffs claimed that the value of the SWN asset was $45 million, Velandera Energy only contributed $822,748.20 toward the acquisition, Velandera Energy was enriched by at least $44 million, and Plaintiffs were impoverished by $4,393,553.

Plaintiffs made the following claims in their petition: specific performance of contract, fraudulent transfer, unjust enrichment/quantum meruit, and fraud. Plaintiffs also requested the award of attorney fees and costs.

On May 15, 2019, Plaintiffs amended their petition, adding Raj as an individual defendant. Plaintiffs amended their causes of action to include detrimental reliance and bad faith obligor and withdrew the fraud claim. On July 24, 2019, Plaintiffs filed a second amended and supplemental petition. Plaintiffs added Holly Carpenter, an employee of Velandera Energy, as a defendant, added defamation as a cause of action, and withdrew the action for bad faith obligor. On October 14, 2019, Plaintiffs filed a third supplemental petition and withdrew the causes of action for specific performance and fraudulent transfer based on the ORRI contract.

4

On November 25, 2019, the district court signed an order regarding the following exceptions filed by Velandera Energy and argued on September 19, 2019:

- Declinatory exception of lack of personal jurisdiction filed by Raj—Granted and dismissed with prejudice.

- Declinatory exception of lack of procedural capacity filed by Velandera Energy—Granted and Velandera Consulting granted an extension until October 16, 2019, to supplement the record with the actual certificate of authority from the Louisiana Secretary of State.

- Dilatory exception of vagueness or ambiguity of the petition for specific performance of contract/fraudulent transfer filed by Velandera Energy—Granted and Plaintiffs given extension until October 16, 2019, to amend their pleading.

- Peremptory exception of no cause of action with respect to claim of attorney fees filed by Velandera Energy—Granted and dismissed with prejudice.

- Peremptory exception of no cause of action with regard to unjust enrichment claims of Velandera Consulting and Funmilayo filed by Velandera Energy—Granted and dismissed with prejudice.

- Declinatory exception of lack of subject matter jurisdiction; Peremptory exceptions of no cause of action and no right of action filed by Velandera Energy—Denied.

- Dilatory exception of improper cumulation of actions, including improper joinder of parties field by Carpenter—Granted; defamation claims by Funmilayo against Carpenter are dismissed without

5

prejudice; all other exceptions filed by Carpenter are dismissed as moot.

On December 13, 2019, Velandera Energy answered the original petition and three supplemental petitions, but because of the order issued by the district court in November 2019, it only addressed the second and third supplemental petitions that remained after the exceptions were granted. Velandera Energy argued that Plaintiffs failed to state an action upon which relief can be granted. Velandera Energy generally denied the allegations in the petitions, but specifically denied the allegation that it requested Velandera Consulting perform any work of any type with regard to the alleged target properties. It also denied that the work performed by Velandera Consulting was exclusively performed for Velandera Energy and stated it did not accept the services. Velandera Energy admitted to entering into a bill of sale with SWN Production Company, LLC.

Velandera Energy argued that Plaintiffs did not allege any act, omission, breach, or fault by it which was the proximate cause of Plaintiffs' alleged loss. It argued that any loss or damage to Plaintiffs was the result of Plaintiffs' negligence or the acts of a third party, which would result in a bar to or a diminution of recovery by Plaintiffs. Velandera Energy also asserted that Plaintiffs failed to mitigate any alleged damages that they might have sustained. Velandera Energy argued that Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, assumption of risk, ratification, impossibility, and/or unclean hands. Finally, it pled the affirmative defense of res judicata.

Velandera Energy filed a supplemental petition to recognize foreign judgment. As detailed above, a Texas court issued its judgment on January 18, 2019,[3] confirming the arbitration award. The Louisiana district court recognized the Texas judgment and granted the judgment full faith and credit in the State of Louisiana on June 18, 2020.

Velandera Energy asserted that res judicata applied to the plaintiffs who were not specifically named in the Texas judgment because they were adequately represented in the arbitration and the claims raised in the arbitration arose out of the same transaction and occurrence as set forth in the petitions in this matter. Plaintiffs argued that res judicata did not apply because they were not signatories to any agreement with Velandera Energy, Funmilayo was not authorized to arbitrate on their behalf, and they are not bound by the arbitration agreement between Funmilayo and Velandera Energy.

A hearing on the exception of res judicata was held on September 24, 2020. Court Smith ("Mr. Smith"),[4] Velandera Energy's attorney from the Texas suit, testified regarding the Texas litigation and arbitration. He stated that during the arbitration, Funmilayo asserted claims that both he *and his team* were entitled to compensation. He testified that Funmilayo argued in a motion after the arbitration that he only appeared in arbitration only as a manager of Velandera Energy, not in his individual capacity or on behalf of Velandera Consulting, but the Texas court denied the motion. Mr. Smith

---

[3] Plaintiffs Ferguson, Abney, and Brinkley were not named in the Texas judgment.

[4] His name is listed as "Clark Smith" in the transcript, but it is a typographical error and should read "Court Smith."

7

stated that it was his understanding that the net revenue and ORRI were, in effect, the same thing. He testified that although the arbitration award does not mention net revenue, it was discussed in testimony during the arbitration.

Funmilayo testified that his attorney in the Texas suit only represented him in his capacity as manager of Velandera Energy. Funmilayo, who testified to having a Ph.D. in petroleum engineering, stated that net revenue and ORRI are not the same. Funmilayo stated that the net revenue was not discussed in arbitration. He stated that the net revenue agreement was partially memorialized in an email prior to the formation of Velandera Energy Partners, on January 12, 2018.[5]

On December 11, 2020, the district court granted Velandera Energy's exception of res judicata and dismissed the claims with prejudice. The district court found that the allegations of the petitions in this matter arose out of the same transactions and occurrences as those stated and resolved in the arbitration and confirmed by the Texas judgment.

Plaintiffs now appeal the district court's judgment granting the exception of res judicata.

**DISCUSSION**

All of the Plaintiffs' arguments center around the arbitration agreement and whether it should have been ruled res judicata. They argue that according to the Federal Arbitration Act, Louisiana Arbitration Law, and Texas Arbitration Act, an arbitration award is only binding and enforceable on parties who have agreed to arbitrate the dispute. Thus, the

_____

[5] This alleged email agreement is not in the record.

8

threshold question is whether they have agreed to arbitrate. Appellants argue that they were not parties to the operating agreement that required the arbitration; therefore, the arbitration does not apply to them. They highlight that the arbitration was only between Velandera Energy and Funmilayo and they were not added to the Texas suit or arbitration. They also state that they did not seek to benefit from the operating agreement or Funmilayo's employment agreement.

Velandera Energy argues that res judicata applies when a party's interests are adequately represented in the prior action, including arbitration. It asserts that nonparties can be "privies" and adequately represented by "virtual representation." Velandera Energy argues that even though the Appellants were not parties to the arbitration agreement, the issues of unjust enrichment and detrimental reliance were fully litigated in Texas. It asserts that the Texas judgment and the allegations in the current suit arise out of the same transactions, making it an issue of res judicata. It argues that Appellants' interests were adequately represented by Funmilayo as a member and manager of Velandera Consulting.

When an objection of res judicata is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error with regard to factual findings of the district court. *Glob. Mktg. Sols., L.L.C. v. Chevron U.S.A. Inc.*, 2018-1765, (La. App. 1 Cir. 9/27/19), 286 So. 3d 1054, *writ denied*, 2019-01886 (La. 2/10/20). However, the res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. *Id.*

9

The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception raising the objection of res judicata must be overruled and the second lawsuit maintained. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. *Id.*

The doctrine of res judicata precludes the relitigation of all causes of action arising out of the same transaction and occurrence that were the subject matter of a prior litigation between the same parties. *Oliver v. Orleans Par. Sch. Bd.*, 2014-0329 (La. 10/31/14), 156 So. 3d 596. Louisiana's res judicata statute, La. R.S. 13:4231, provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The central inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial

economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. *Oliver v. Orleans Par. Sch. Bd., supra.* The Louisiana Supreme Court has set out the following five prerequisites for a finding of res judicata under the revised statute: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Id.*

Regarding the first and second factors, the arbitration agreement was confirmed by the Texas district court in a valid, final judgment. As to the fourth factor, the allegations of nonpayment existed in 2019, at the time of the first litigation and arbitration.

As to the third factor, jurisprudence does not require that the parties in the two lawsuits be physically identical as long as they share the same quality as parties. *Wicker v. Louisiana Farm Bureau Cas. Ins. Co*., 2018-0225 (La. App. 1 Cir. 9/21/18), 257 So. 3d 817. The preclusive effect of a judgment binds the parties to the action and nonparties who are deemed "privies" of the parties in these limited circumstances: (1) the nonparty is a successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. *Davisson v. Davisson*, 52,015 (La. App. 2 Cir. 5/23/18), 248 So. 3d 633.

11

The parties in the Texas suit/arbitration are not absolutely identical to the parties in the suit before us. The Texas suit was initiated by Velandera Energy against Funmilayo, they were the only two named parties and both participated in the arbitration. In the instant suit, Velandera Consulting, Funmilayo, Ferguson, Abney, Brinkley, Ademola, and Olukemi were all originally listed as plaintiffs. Not all of the Plaintiffs in the current suit were named in the Texas judgment. However, all of the individuals listed in the current suit were employees of Funmilayo and Velandera Consulting.[6] Velandera Consulting was hired to source mineral acquisitions for Velandera Energy. Therefore, any arguments by the individuals that they were not properly compensated for work performed on the Velandera Energy projects were "closely aligned," and actually identical to the claims Velandera Consulting and Funmilayo had alleged improper compensation for the same projects. The district court did not err in finding that Funmilayo and Velandera Consulting were "virtual representatives" of the current Plaintiffs in the previous Texas suit.

The fifth and final requirement for res judicata is whether the causes of action in the current suit arose out of the same transaction or occurrence that was the subject of the Texas suit. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject

---

[6] There is no formal contract between Funmilayo and the Plaintiffs listed in this suit. According to Appellant's counsel, Funmilayo and the Plaintiffs only worked together. The record clearly shows Funmilayo was in charge of obtaining the Plaintiffs' services in developing the acquisition through Raj and Velandera Energy and that Raj and Velandera Energy never hired those individuals.

12

matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. La. R.S. 13:4231, comment (a).

In determining whether the instant suit arose out of the same transaction or occurrence as the Texas suit, the district court made a finding of fact after reviewing the evidence filed in the record and presented at the hearing. Funmilayo testified that his attorney in the Texas suit only represented him only in his capacity as manager of Velandera Energy and that the net revenue was not discussed in arbitration. On the other hand, Mr. Smith testified that during the arbitration, Funmilayo asserted claims that both he and his team were entitled to compensation. He stated that although the arbitration award does not mention net revenue, it was discussed in testimony during the arbitration. The suit before us is for nonpayment, which was also discussed in the Texas arbitration.

We find that the district court was not manifestly erroneous in evaluating the evidence and making a factual finding that both the Texas suit and current suit arise out of the same transaction or occurrence. In the Texas suit, Funmilayo asserted claims that he and "his team" had incurred costs, expenses, and unpaid wages for the work performed for Velandera Energy on the SWN acquisition. The current suit also alleges non-payment for work performed on the SWN acquisition. Therefore, as the district court found, both suits arose out of the same transaction—Velandera Consulting's work performed on the SWN acquisition. For this reason, the fifth requirement of res judicata has been met. Because all five elements of res judicata have

been met under our de novo review of the record, we affirm the district court's judgment.

## CONCLUSION

Based on our review of the record, we affirm the judgment of the district court, which sustained the exception of res judicata. Costs associated with this appeal are cast on Plaintiffs.

**AFFIRMED.**

**HUNTER, J., dissenting.**

Under res judicata a second action is precluded when there is a valid final judgment, the parties are the same, the cause of action existed at the time of the final judgment in the first action, and the cause of action asserted in the second suit arose out of the transaction or occurrence which was the subject of the first litigation. La. R.S. 13:4231. The preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the "privies" of the parties in a situation when the nonparty's interests were adequately represented by a party in the first action who is considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. *Forum for Equality PAC v. McKeithen*, 2004-2551 (La. 1/19/05), 893 So. 2d 738.

The concept of virtual representation is narrowly construed and is not satisfied merely by showing that the party and the nonparty have common or parallel interests in the factual and legal issues presented in the respective actions. *Hudson v. City of Bossier*, 33,620 (La. App. 2 Cir. 8/25/00), 766 So. 2d 738, *writ denied*, 2000-2687 (La. 11/27/00), 775 So. 2d 450. Virtual representation requires there be a legal relationship in which a party to the first suit is accountable to nonparties who file a subsequent suit raising similar issues. *Condrey v. Howard*, 28,442 (La. App. 2 Cir. 8/21/96), 679 So. 2d 563, *writ denied*, 96-2335 (La. 11/22/96), 683 So. 2d 281.

A person who has been enriched without cause at the expense of another is bound to compensate that person. La. C.C. art. 2298. A claim of unjust enrichment requires: (1) an enrichment, (2) an impoverishment, (3) a connection between and an absence of justification for the enrichment and

1

impoverishment, and (4) the lack of another remedy at law. *Matter of BCL Investments, LLC*, 52,387 (La. App. 2 Cir. 1/16/19), 264 So. 3d 675, *writ denied*, 2019-0276 (La. 4/22/19), 268 So. 3d 296.

A party not entitled to an action in contract has an action in quasi contract under the theory of quantum meruit when his work provides a benefit to defendant. Quantum meruit provides a remedy where equity demands recovery which is not available in tort or contract. Quantum meruit is appropriate when a defendant is enriched by a plaintiff's time, talent, labor, or where plaintiff's efforts inure to defendant's benefit under circumstances implying an obligation to pay for the services rendered. *Fullerton v. Scarecrow Club, Inc.*, 440 So. 2d 945 (La. App. 2 Cir. 1983). Quantum meruit awards are determined after considering the extent and skill of the work performed and the value and benefit received by defendant from plaintiff's work. *Fullerton, supra*. The principles of quasi contract apply in situations where, absent an express agreement, one party performed services for the benefit of another. *Smith v. Hudson*, 519 So. 2d 783 (La. App. 1 Cir. 1987).

The individual plaintiffs in this case, Patty Abney, Cathy Brinkley, Keith Ferguson, Akintunde Ademola, and Olukemi Funmilayo, allege in their petitions they performed professional services related to evaluating and sourcing the SWN property. Plaintiffs argue they should be compensated by Velandera Energy under the theory of quantum meruit because it gained a benefit from their services. There is nothing in the record to suggest (1) their professional services rendered did not form the basis for any future business dealings and (2) their intellectual property, which served as the

2

impetus to the matter before the court, was not utilized for the other party's benefit.

Velandera Energy argues the plaintiffs' claims were already considered in the arbitration proceeding because Gbenga Funmilayo ("Funmilayo") was also representing their interests. Velandera Energy can only point to several paragraphs in Funmilayo's arbitration counterclaim and a single sentence in his post-hearing brief to support its assertion Funmilayo was representing the claims of the individual plaintiffs to recover for the value of their services. Velandera Energy also presented the testimony of its own attorney, who could only assert in the arbitration Funmilayo referred to the management team of Velandera Consulting, alleged a total amount owed, and referred to the overriding royalty interest (ORRI) as a means of payment.

This testimony failed to demonstrate any evidence was presented during the arbitration regarding the extent of the particular services the plaintiffs provided or the value of those services to Velandera Energy. Without such evidence being presented to the arbitrator, it cannot be fairly deduced the interests of the individual plaintiffs were adequately represented by Funmilayo or that their claims to be compensated for the services each performed were actually litigated in the arbitration proceeding.

Based upon this record, Velandera Energy failed to satisfy its burden of proving Funmilayo acted as the virtual representative of the individual plaintiffs in the arbitration hearing. Thus, the trial court erred in granting the exception of res judicata as to the individual plaintiffs, who should have the opportunity to present any evidence they have to pursue their claims for

3

payment of the value of their services which ultimately directly benefitted Velandera Energy.

Consequently, I would reverse the judgment in part as to the claims of the individual plaintiffs to recover the value of their services based on considerations of quantum meruit and unjust enrichment.